**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Linda Sue Fulton,<br><br>Debtor(s). | C/A No. 22-01658-EG<br><br>Adv. Pro. No. 22-80036-EG<br><br>Chapter 13<br><br>**ORDER** |
| Linda Sue Fulton,<br><br>Plaintiff(s),<br><br>v.<br><br>Mainline Auto Sales and Rental, LLC,<br><br>Defendant(s). | |

**THIS MATTER** is before the Court on the *Affidavit of Default and Request for Default Judgment and/or Hearing* ("Affidavit and Request") filed by Linda Sue Fulton ("Plaintiff") on October 17, 2022.[1] Mainline Auto Sales and Rental, LLC ("Defendant") failed to file an answer or other responsive pleading in this adversary proceeding. Having received no responsive pleadings, the Plaintiff filed the Affidavit and Request. Accordingly, on October 18, 2022, the Clerk's Office issued an Entry of Default against the Defendant.[2] To consider whether the relief requested by the Plaintiff in the complaint should be granted, the Court conducted a hearing on November 16, 2022. During the hearing, the Court raised concerns regarding whether service of the summons and complaint upon the Defendant was proper and effective.[3] Plaintiff and her counsel appeared at the hearing. No appearance was made by the Defendant.

---

[1] ECF No. 9.
[2] ECF No. 10.
[3] The Court notes that Plaintiff has not filed a motion for default judgment in accordance with the requirements of Fed. R. Civ. P. 55(b)(2), made applicable to this proceeding by Fed. R. Bank. P. 7055, and Chambers Guidelines.

## FACTUAL BACKGROUND

The Court's records reflect that Plaintiff filed the complaint on August 24, 2022 (ECF No. 1) and the summons was issued by the Clerk of Court on August 25, 2022 (ECF No. 2). The complaint seeks turnover under 11 U.S.C. § 542 of a vehicle that is alleged to be property of the estate, damages in an unspecified amount for loss of use and other consequential damages, and attorney's fees and costs. Plaintiff filed a certificate of service on September 15, 2022 (ECF No. 3). The Clerk's Office issued a deficiency notice on October 3, 2022, due to Plaintiff's failure to indicate on the certificate the documents being served (ECF No. 4). Plaintiff filed a corrected certificate of service on October 6, 2022 ("Certificate") (ECF No. 5). It appears from the Certificate, together with its attachments, that Plaintiff served the summons and complaint on the Defendant *by certified mail only* at the following addresses:

> Mainline Auto Sales and Rental LLC
> 902 N Main Street
> Summerville SC 29483

> Mainline Auto Sales and Rental LLC
> Agent for Service of Process
> Law Office of Joenathan S Chapin
> 4511 N Main Street
> Columbia, SC 29203

Attached to the Certificate is a copy of a Domestic Return Receipt for U.S. Postal Service Certified Mail, dated August 31, 2022, which was signed by Ashley Jones,[4] for mail addressed to:

> Mainline Auto Sales and Rental LLC
> 902 N Main Street
> Summerville SC 29483

---

[4] The Court notes that the Debtor also commenced another adversary proceeding against the Defendant for the turnover of another vehicle in the same bankruptcy case (Adv. Pro. 22-80034). In that proceeding, the Debtor sent a process server to the office of the Defendant's registered agent and a paralegal from the Law office of Joenathan S. Chapin accepted service of the summons and complaint, In that proceeding, the part owner of the Defendant, Hubie Dailey, appeared at the expedited hearing on a motion for immediate turnover of the vehicle. No information is provided regarding the identity of Ashley Jones or her relationship to the Defendant. Moreover, the boxes for "Agent" and "Addressee" next to the signature on the return receipt are unchecked.

2

Also attached to the Certificate is a Certified Mail Receipt, dated August 26, 2022, for mail addressed to:

> Mainline Auto Sales and Rental LLC
> Agent for Service of Process
> Law Office of Joenathan S Chapin
> 4511 N Main Street
> Columbia, SC 29203

No Domestic Return Receipt reflecting a signature from a recipient was included with the Certificate regarding the mail addressed to the Defendant at the address for its Agent for Service of Process. Instead, Plaintiff attached a "USPS Tracking" printout dated September 14, 2022, which reflects that (1) a delivery attempt was made on August 27, 2022, but no authorized recipient was available to accept the item, and notice was left; (2) that the document was "Available for Pickup" on August 30, 2022; and (3) a "Reminder to Schedule Redelivery of your item" was issued on September 1, 2022, which stated "This is a reminder to arrange for redelivery of your item or your item will be returned to sender." The Certificate does not reflect that the summons and complaint were ever delivered to the Agent for Service of Process. The Certificate further reflects that the service to the Defendant at its address at 902 N Main Street was not directed to the attention of an officer, a managing or general agent, or any other type of agent authorized by law to accept service. On November 15, 2022, Plaintiff filed an amended certificate of service ("Amended Certificate") (ECF No. 14) regarding the summons and complaint, which did not include the attachments included in the prior Certificate. The Amended Certificate states that

> [P]ursuant to FRBP 7004(b)(3) and FRBP Rule 7004(b)(8) summons and complaint were <u>mailed</u> via Certified mail Return Receipt Requested, a super set of first class mailing permitted pursuant to FRBP 7004(b) to the designated person Joenathan Chaplin as agent for service of process for Mainline Auto Rental and Sales, LLC and Mainline Auto Rentals, LLC. Additionally, a copy was also sent to Mainline Auto Sales and Rental, LLC operations address.

3

The Amended Certificate lists the same mailing addresses as the Certificate.

## CONCLUSIONS OF LAW

The Court has a duty to ensure that relief is afforded to the Plaintiff only after due process and proper notice—even in the absence of opposition to the complaint. *In re Kennedy,* 403 B.R. 363, 365 (Bankr. D.S.C. 2009). Proper service of process is necessary to establish that the court has personal jurisdiction over the Defendant and to provide notice to the Defendant that complies with constitutional requirements of due process. *See Koehler v. Dodwell*, 152 F.3d 304 (4th Cir. 1998) ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant.") The Plaintiff bears the burden of demonstrating that personal jurisdiction exists. *See Negron-Torres v. Verizon Communs., Inc*., 478 F.3d 19, 21 (1st Cir. 2007).

Service of a summons and complaint in an adversary proceeding is governed by Fed. R. Bankr. P. 7004. A plaintiff conducting service pursuant to Rule 7004 must strictly comply with the Rule's requirements. *In re Kennedy,* 403 B.R. at 365 ("Because the method of service [under Rule 7004] is not burdensome, it is all the more important to strictly comply with service requirements.") Since the Defendant appears to be a limited liability corporation, Rule 7004(b)(3), which provides the requirements for proper service on a domestic or foreign corporation, partnership, or other unincorporated association, is applicable. Rule 7004(b)(3) provides that service on a domestic corporation may be made within the United Stated by *first class mail* postage prepaid "by mailing a copy of the summons and complaint *to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service*." (emphasis added). The Plaintiff's attempted service on the Defendant at its 902 N Main Street address does not meet the requirements of Rule 7004(b)(3) because it was not directed to

4

the attention of an officer, a managing or general agent, or any other type of agent authorized to accept service.[5]  *See Guy v. Carrington Mortgage Services,* C/A No. 15-04508-JW, Adv. Pro. No. 15-80194-JW, slip op. (Bankr. D.S.C. Mar. 22, 2016) (finding that service did not comply with Rule 7004 where complaint was served by certified mail on a professional corporation but was not directed to attention of an officer, a managing or general agent, or the registered agent); *see also In re Bolden,* No. 13-11254, 2014 WL 690514, at *2 (Bankr. M.D.N.C. 2014) (finding that service by mail on a corporation merely at its principal mailing address without directing it to an officer, managing or general agent is insufficient).

It further appears that service may be made on Defendant pursuant to Rule 7004(b)(8), which allows for service by first class mail:

> upon any defendant, it is also sufficient if a copy of the summons and complaint is mailed to an agent of such defendant authorized by appointment or by law to receive service of process, at the agent's dwelling house or usual place of abode or at the place where the agent regularly carries on a business or profession, and if the authorization so requires, by mailing also a copy of the summons and complaint to the defendant as provided in this subdivision.

---

[5] Courts are split regarding whether a plaintiff must name a specific individual or whether the service may be generally addressed to the "attention of an officer, managing or general agent or other agent authorized to receive service." *See Bolden,* 2014 WL 690514, at *2 (comparing *In re Pittman Mechanical Contractors, Inc.,* 180 B.R. 453, 454–57 (Bankr.E.D.Va.1995) (finding service upon the corporation, "ATTN: President or Corporate Officer," constituted service upon an office, rather than upon an individual officer and thus deeming service insufficient; agreeing with *In re Schoon,* 153 B.R. 48, 49 (Bankr.N.D.Cal.1993)), *and In re Carlo,* 392 B.R. 920, 921–22 (Bankr.S.D.Fla.2008) (agreeing with *Pittman,* 180 B.R. at 454–57; *Schoon,* 153 B.R. at 49; and *In re Saucier,* 366 B.R. 780, 784–85 (Bankr.N.D.Ohio 2007)), *with In re C.V.H. Transport, Inc.,* 254 B.R. 331, 333–34 (Bankr.M.D.Pa.2000) (rejecting *Pittman,* 180 B.R. at 454–57, and *Schoon,* 153 B.R. at 49; holding that service upon the corporation addressed to the " 'officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process ...' " for the corporation was sufficient). The Bankruptcy Court for the District of South Carolina has not expressly decided this issue. *See In re Kennedy,* 403 B.R. 36, 366 n. 4 (Bankr. D.S.C. 2009) (noting the split without deciding the issue); *Hovis v. Grant/Jacoby, Inc. (In re Air South Airlines, Inc.),* 249 B.R. 112, 177 n.4 (Bankr. D.S.C. 2000) (making no determination on the issue, but noting that previous precedent in this district accepted the more lenient standard while also stating that the stricter interpretation expresses a better interpretation of Rule 7004(b)(3) for policy purposes).  The Court likewise finds it unnecessary to decide this issue at this time because Plaintiff's service did not meet the requirements under either interpretation of the standard.

Plaintiff attempted to serve Defendant pursuant to Rule 7004(b)(8) by *certified mail*, return receipt requested, to Defendant's registered agent, Law Office of Joenathan S. Chaplin. It appears from the record that the certified mail was not in fact delivered to the registered agent as there is no evidence of a return receipt in the record. Plaintiff argues that the service by certified mail was "super service"[6] and was effective upon mailing. However, service by certified mail is not the same as first class mail. "Certified mail imposes additional obligations and the mail may not be received timely by the named recipient." *Ratliff v. U.S. Dept. of Educ. (In re Ratliff),* No. 2:19-ap-02015, 2021 WL 976954, at *1 (Bankr. S.D. W.Va. Mar. 15, 2021) (quoting *In re Sheffer,* 440 B.R. 121, 122 (Bankr. E.D. Va. 2009)). As stated by the bankruptcy court in *In re Frazier,* "the drawback [to service by certified mail] is that if the defendant is not home, the summons and complaint may never be delivered to him. If he is not home when the mail arrives, notice that the mail is available is left and two additional efforts are made to deliver it. If the attempts are unsuccessful and the mail is not picked up at the post office within a specified period, it is returned as unclaimed." 394 B.R. 399, 401 (Bankr. E.D. Va. 2008). It appears that service upon the registered agent by certified mail in this proceeding did not meet the requirements for effective service under Rule 7004(b)(3) or (8) because there is no return receipt or proof of actual receipt in the record.[7] *Ratliff,* 2021 WL 976954, at *5; *Frazier,* 394 B.R. at 401.

---

[6] Service by certified mail may reduce later challenges to service by providing proof that the mail was actually delivered to the address of record and that the defendant had actual notice when there is a signed return receipt. *See Tulluck v. Hardy (In re Hardy),* 187 B.R. 604, 607 (Bankr. E.D.Tenn. 1995) (finding that service by certified mail was effective where there was a receipt signed and returned). First class mail, however, is delivered by the U.S. Postal Service to the address without regard to whether anyone is at home. "Service by first class mail has proven efficient and effective because of the reliability of first class mail actually being delivered to the defendant." *In re Frazier,* 394 B.R. 399, 401 (Bankr. E.D.Va. 2008).

[7] Even if the service was eventually received by the Defendant, it appears from the certificate of service that the summons may have become stale prior to receipt under Fed. R. Bankr. P. 7004(e) because the summons was not delivered within 7 days after it was issued.

Finally, Rule 7004(a) incorporates Fed. R. Civ. P. 4(h)(1)(A), which allows service on a corporation in compliance with applicable state law. South Carolina Rule of Civil Procedure 4(d)(8) allows service upon a corporation or upon a partnership or other unincorporated association by registered or certified mail, return receipt requested and delivery restricted to the addressee. The Rule makes clear, however, that "[s]ervice is effective upon the date of delivery as shown on the return receipt. Service pursuant to this paragraph shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing the acceptance by the defendant." SCRCP 4(d)(8). Accordingly, it appears that service upon the Defendant by certified mail in this case did not comply with state law.

Plaintiff argues that her service was also sufficient under Fed. R. Civ. P. 5, which is made applicable to this proceeding by Fed. R. Bankr. P. 7005. However, Fed. R. Civ. P. 5 governs service of pleadings and other papers filed <u>after</u> the complaint, and therefore is not applicable to service of the summons and complaint, which is expressly governed by Fed. R. Civ. P. 4. 1 MOORE'S MANUAL—FEDERAL PRACTICE AND PROCEDURE § 9.30 (2022) (stating that "personal jurisdiction and notice must be established at the initiation of the suit under the exacting service provisions of Rule 4 for the summons and complaint," and Rule 5 takes effect after initial subject matter and personal or *in rem* jurisdiction has been established, which has less stringent standards regarding notice for "pleadings subsequent to the original complaint.")

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiff failed to effect service in compliance with Fed. R. Bankr. P. 7004 and therefore vacates the Clerk's entry of default. Plaintiff may request a reissued summons within 7 days of the entry of this order. Upon Plaintiff's failure to

7

timely request a reissued summons, this adversary proceeding will be promptly dismissed without prejudice.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**11/18/2022**



Entered: 11/18/2022

Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina